## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and have been so employed since February, 1996. In that capacity, I investigate violations of the federal firearms statutes and have participated in numerous investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named **CHRISTOPHER JAMISON, A/K/A "LITTLE CHRIS,"** with being a felon-in-possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation, work done by other ATF agents, and on information provided to me by officers of the Boston Police Department ("BPD") and other sources. This affidavit is submitted for the limited purpose of establishing probable cause

to believe **JAMISON** violated 18 U.S.C. §922(g)(1). It therefore does not set forth all of the information that I and other law enforcement personnel have obtained during the course of the underlying investigation.

4. On January 29, 2009, members of BPD's Homicide Unit obtained a search warrant from the Suffolk Superior Court for the premises located at 44 Regent Street, Apt. #7 in Roxbury, Massachusetts ("the Target Premises"). That warrant was based on a homicide investigation surrounding the shooting death of Anthony Perry that took place in the area of 321 Centre Street in Jamaica Plain, Massachusetts two days earlier. The warrant authorized the search of the Target Premises for handguns, certain clothing, and any documents indicating "occupancy, access, control, or presence in the apartment." A copy of the warrant and the return for it is attached to this affidavit as Exhibit 1.

5. The warrant was executed on January 29, 2009 when officers made a peaceful entry into the Target Premises, which had previously been frozen by the Boston Police Department ("BPD"). The Target Premises is a three-bedroom apartment, containing 1½ baths, a kitchen, living room and dining room.

6. In Bedroom 2 (located in the left rear of the apartment and referred to in the Search Warrant return as "the rear bedroom") officers searched a dresser which was found to contain

two guns including a .380 caliber Cobra Model CA380 semi-automatic handgun with an obliterated serial number. The magazine contained in that handgun was empty but one round of .380 caliber ammunition was recovered from the chamber. The .380 caliber Cobra Model CA380 semi-automatic handgun and the one round of ammunition found in its chamber shall hereinafter be referred as "the Charged Firearm and Ammunition."

7. Various other items were recovered from Bedroom 2. These items included personal papers in the name of **CHRIS JAMISON**, 18 bags of a rock-like substance subsequently determined to be cocaine, and various items of clothing.

8. The Charged Firearm and Ammunition were thereafter sent to the BPD's Latent Print Unit which recovered three latent fingerprints from the Charged Firearm. After obtaining major case prints from **JAMISON** on September 23, 2010 pursuant to an order of the Massachusetts Superior Court, one of the latent fingerprints recovered from the Charged Firearm was identified as belonging to **CHRISTOPHER JAMISON**.

9. The Charged Firearm and Ammunition were also inspected by the BPD's Ballistics Unit. The firearm was successfully test fired and the single round recovered from the chamber of the Charged Firearm was determined to be ammunition.

10. The Charged Firearm and Ammunition have also been examined by ATF Special Agent Mattheu Kelsch. S/A Kelsch

3

confirmed that the Charged Firearm and the Charged Ammunition recovered are ammunition and a firearm for purposes of federal law and that both the Charged Firearm and the Charged Ammunition were manufactured outside Massachusetts. This of course means that both the Charged Firearm and the Charged Ammunition necessarily traveled across a state line or international boundary before being recovered in Roxbury, Massachusetts on January 29, 2009.

11. I have reviewed **CHRISTOPHER JAMISON**'s criminal record as maintained by the Massachusetts Criminal History Systems Board. It confirms, among other things, that **JAMISON** was convicted in Roxbury District Court in January, 2006 of Possession of a Class B Substance with Intent to Distribute in violation of M.G.L. chapter 94C, §§32A and that **JAMISON** was convicted in Roxbury District Court in October, 2006 of Resisting Arrest in violation of M.G.L. chapter 268, §32B. These are both crimes punishable by a term of imprisonment exceeding one year under Massachusetts law.

12. Based on the foregoing, I submit that there is probable cause to believe that, on or about January 29, 2009, **CHRISTOPHER JAMISON, A/K/A "LITTLE CHRIS"**, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, did posses, in and affecting commerce, a firearm and ammunition in violation of Title 18, United States Code, Section

4

922(g)(1).

_____
LISA RUDNICKI
Special Agent, ATF

Sworn and subscribed to before me this 29th day of October, 2010.

_____
LEO T. SOROKIN
U.S. MAGISTRATE JUDGE