**Exhibit D**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                              SUPERIOR COURT
                                                                          SUCR 2009-10404

COMMONWEALTH

vs.

CHRISTOPHER JAMISON

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED PURSUANT TO SEARCH WARRANT

The defendant, Christopher Jamison, is charged with murder, possession of a controlled substance with intent to distribute, and five counts of unlawful possession of a firearm and/or ammunition. Before the court is the defendant's motion to suppress all evidence obtained from the execution of a search warrant at his residence. For the reasons that follow, the motion will be **DENIED**.

FINDINGS OF FACT

I make the following findings of fact based upon the credible evidence presented at the hearing and the reasonable inferences drawn from that evidence. After investigation into a shooting that occurred in Jamaica Plain on January 27, 2009, the Boston Police made a decision to freeze 44 Regent Street, Apartment #7 (the "apartment"), where they believed the defendant lived. At approximately 8:15 P.M., Det. Donald Lee, Sgt. Det. Michael Stratton and Sgt. Det. Joe Sullivan arrived to the apartment and encountered the defendant's mother, Cathy Jamison. They explained to her that they needed to freeze the apartment and that she would have to leave. They told her that it might be a lengthy process and that she should bring a change of clothes. The officers did a quick protective sweep of the apartment and accompanied her as she retrieved

the items she needed. They checked her purse for evidence and she left with a friend.

Shortly after that, two officers arrived to maintain the security of the apartment. They were shown the back door and instructed to make sure that no one entered. When Det. Lee, Sgt. Det. Stratton and Sgt. Det. Sullivan left, the two officers stayed at the threshold of the front door with the door propped open so that they could make sure no one entered. After the first shift change, the new officers who arrived did not remain at the threshold of the apartment, but instead went inside and closed the door behind them.

At approximately 10:00 P.M., Attorney Ozell Hudson accompanied Ms. Jamison to her apartment and knocked on the door. An officer answered and told him that the unit was under police control and that they could not come in. Atty. Hudson told the officer that he was an attorney and that the officers needed to either produce a warrant or let Ms. Jamison into her apartment. The officers said that they did not have a warrant. There were shift changes approximately every fifteen minutes. Each time new officers came, Atty. Hudson told them that while they could secure the premises, they had no right to be inside the home without a warrant. Each set of officers went into the apartment and closed the door behind them without allowing Ms. Jamison in. At one point Atty. Hudson was threatened with arrest. One of the officers gave him a detective's phone number to call, but he received no answer. He finally was put in touch with Sgt. Det. Stratton. Thereafter, at approximately midnight or 1:00 A.M., the officers came out and maintained security from outside the apartment.

On January 29, 2009, a search warrant issued for the apartment based on information provided in an affidavit by Sgt. Det. LaTeisha Adams. The affidavit provided a summary of information obtained during the course of the investigation into the shooting, as well as a

2

description of the building at 44 Regent Street and the door to the apartment. It did not contain any information derived from the officers' entry into the apartment while the search warrant was pending. When the police executed the search warrant, they found several items of contraband inside the apartment.

## DISCUSSION

The defendant seeks to suppress all evidence obtained from the officers' initial warrantless entry and subsequent warrant-based search of the apartment on the ground that the initial entry violated the Fourth and Fourteenth Amendments of the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

Under art. 14, "police officers who secure a dwelling while a warrant is being sought in order to prevent destruction or removal of evidence may not enter that dwelling, in the absence of specific information supporting an objectively reasonable belief that evidence will indeed be removed or destroyed unless preventative measures are taken." Commonwealth v. DeJesus, 439 Mass. 616, 621 (2003). Even where police officers make an illegal entry, however, art. 14 does not require exclusion of evidence "later acquired independently by lawful means untainted by the initial illegality." Id. at 624. Thus, evidence obtained from a subsequent warrant-based search is admissible "as long as the affidavit in support of the application for a search warrant contains information to establish probable cause to search the defendant's apartment," apart from the observations made during the initial entry. Id. at 625. See Segura v. United States, 468 U.S. 796, 814 (1984) (upholding denial of motion to suppress under "independent source" rule where no information from initial unlawful entry was used to secure warrant).

In this case, the officers lacked justification for entering the apartment while the search

warrant application was pending. They had no specific reason to believe that items in the apartment would be removed or destroyed if they did not immediately enter, especially after Ms. Jamison had left. However, none of the information included in Det. Sgt. Adams' affidavit supporting the search warrant application derived from or related to the initial entry into the apartment. Therefore, assuming that the affidavit established probable cause to search the apartment, which the defendant does not challenge, suppression of the items seized during the ensuing search is not warranted.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion to suppress is **DENIED**.

_____
Kimberly S. Budd
Justice of the Superior Court

DATED: August 20, 2010

4