UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10002-NG |
| | ) | |
| CHRISTOPHER JAMISON | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE

The United States hereby opposes the defendant's Motion to
Strike certain statements contained in the government's
Opposition to the Defendant's Motion for a Franks Hearing.  As
grounds therefore, the government states that, with the one
exception described below, all of the questioned statements are
general background information regarding the underlying
investigation not essential to the court's resolution of the
requested relief.  They are not therefore the facts "on which the
opposition is based" as that term is used in LR 7.1(b)(2).
Assuming that those allegations are required to be verified by
affidavit or other support, it has been provided in connection
with the government's Opposition to the defendant's Motion to
Suppress filed this day under seal and in particular in the
reports and transcripts from the state suppression hearing
included in the appendix to that opposition as Exhibits 2, 4, 6,
9, 15, 13, and 17.

The only request for relief that the government is hard
pressed to understand is the defendant's request that the court
strike the government response to that part of the defendant's

motion which appeared to be predicated on an undisclosed grant of
immunity to a material witness.

What the defendant's Motion for Franks Hearing said was that
the following was one of the material omissions from the search
warrant affidavit:

> 2.   Only after holding out for a guaranty of
> what would happen to him, and being assured that
> the District Attorney's Office had assured him
> that "he would not be charged with anything **as
> long as he was not the shooter."**  CW then told the
> police that the defendant had committed the
> shooting.

Motion for Franks Hearing at 3.   Putting aside that the quotation
itself was not an accurate one, the government understood this
language to mean that the affiant had failed to disclose an offer
of "immunity" in exchange for testimony and demonstrated the
consistent law that has held such information need not be
included in search warrant or other affidavits.   <u>See</u> Opposition
to Motion for Franks Hearing at 12-19.   Assuming that the
government misunderstood what the allegation at issue was
intended to mean (and the government stands by its
interpretation), the better course for the defendant would have
been to specify that in a reply memoranda how the government
misunderstood its claim (or better yet to have explained what was
meant in the original filing).   The government simply does not
believe that its interpretation of the defendant's motion is
anything other than a good faith and accurate effort to respond

to the allegations made to an important motion that included little facts and few supporting authorities to support its request.  Because such a pleading cannot be an "insufficient defense" or the kind of "redundant, immaterial, impertinent or scandalous matter" that such motions are designed to address, see Federal Rule of Civil Procedure 12(g),[1] the motion to strike should be denied.

Respectfully submitted,

CARMEN ORTIZ
UNITED STATES ATTORNEY

By: /s John A. Wortmann, Jr.  5/17/11
    JOHN A. WORTMANN, JR.
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA 02210
    (617) 748-3207

### CERTIFICATE OF SERVICE

The government hereby certifies that the foregoing was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

/S John A. Wortmann, Jr.  5/17/11
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

---

[1] There is no analogous provision in the Federal Rules of Criminal Procedure.

3