

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 27, 2011

Frances L. Robinson
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Floor
South Market Building
Boston, MA 02109-1649

Re: United States v. Jamison
    Criminal No. 11-10002-NG

Dear Ms. Robinson:

  This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Christopher Jamison ("Defendant"), in the above-referenced case. The Agreement is as follows:

  1.  <u>Change of Plea</u>

  On June 29, 2011, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement charging him with Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §841(a)(1). Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Superseding Information, did so knowingly, intentionally, and willfully, and is in fact guilty of that offense.

  The U.S. Attorney agrees to dismiss Count 1 of the Indictment in this matter following the imposition of the agreed upon sentence provided for herein. Following the acceptance of this plea agreement by the Court and the imposition of the agreed upon disposition set forth herein, the U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §922(g)(1) with possessing either of the two firearms seized from 44 Regent Street on January 29, 2009.

  The parties further agree to take the position that Defendant shall be entitled to credit for all time spent in state or federal custody since January 27, 2009, with the exception of any time (up to

*2.23.11*

10 days) committed on Clinton District Court Case No. 098CR001586A.

2. Penalties

Defendant faces the following maximum penalties on Count One of the Superseding Information: a maximum term of imprisonment of 20 years, a fine of up to $1,000,000, a term of supervised release of at least 3 years up to life, and a $100 Special Assessment.

Defendant also recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

(i) in accordance with USSG §4B1.1, Defendant is a Career Offender and his Base Offense Level is 32 and his Criminal History Category is VI;

(ii) in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the Adjusted Offense Level is reduced by three levels.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate

disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit his conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (d) Fails to provide truthful information about his financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

- (g) Intentionally fails to appear in Court or violates any condition of release;

- (h) Commits a crime;

- (i) Transfers any asset protected under any provision of this Agreement; or

- (j) Attempts to withdraw his guilty plea.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

- (a) incarceration for a period of 120 months, with such disposition made without regard to any specific sentencing guideline range;

- (b) a fine within the guideline range unless the Court determines Defendant is unable to pay;

- (c) supervised release for a period of 60 months which includes any conditions specified in 18 U.S.C. §3583(d) and/or USSG §5D1.3 and other additional conditions that the parties may advocate or that the Court in its discretion may impose. The U.S. Attorney reserves the right to advocate for any special conditions (including without limitation, conditions involving curfews, geographic or associational restrictions or educational

        and vocation training). Adoption of any and all such conditions (or any others deemed appropriate by the Court or sought by Defendant) shall not be deemed to be a rejection of the agreed upon disposition and shall not entitle either party to withdraw from this plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5); and,

   (d)    a mandatory special assessment in the amount of $100.

6.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.    <u>Waiver of Right to Appeal and to Bring Other Challenge</u>

In consideration of the concessions the U.S. Attorney made in this agreement, the parties further agree as follows:

   (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his conviction in a future (collateral) proceeding, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c). Defendant waives any right he has to challenge his conviction on direct appeal or in any future proceeding.

   (b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in future (collateral) proceedings such as pursuant to 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentence (including any agreement relating to supervised release, fines, forfeiture, and restitution). Defendant may not contest in a direct appeal or collaterally challenge the agreed-upon sentence (including any orders relating to supervised release, fines, forfeiture, and restitution). Given these limitations and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed (including any orders relating to supervised release, fines, forfeiture, and restitution) in a direct appeal or collateral proceeding on any basis (including, without limitation, any subsequent

4

        change in applicable statutory or sentencing law, or any applicable guideline provision, except as expressly provided in subparagraph (d), below). Likewise, Defendant agrees that he will not seek to be resentenced with the benefit of any change to his criminal history category that existed at the time of Defendant's original sentencing. Defendant also agrees that he will not seek to challenge the sentence in an appeal or collateral proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

    (c)    The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

    (d)    Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.    <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that Defendant might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count One of the Indictment.

9.    <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

10.    <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

11.    <u>Withdrawal of Plea By Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been

timely brought or pursued as of the date of this Agreement.

### 12. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

### 13. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 14. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as

2.23.11

Witness. Return the original of this letter to Assistant U.S. Attorney John A. Wortmann, Jr.

                              Very truly yours,

                              CARMEN M. ORTIZ
                              United States Attorney

By: _____
      JAMES F. LANG
      Chief, Criminal Division
      JOHN T. McNEIL
      Deputy Chief, Criminal Division

2.23.11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Christopher Jamison*
CHRISTOPHER JAMISON
Defendant

Date: 6-29-11

I certify that CHRISTOPHER JAMISON has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*Frances Robinson*
FRANCES L. ROBINSON
Attorney for Defendant

Date: 6/29/11

2.23.11